§UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JERRY BOSLEY, ET AL.** | **CIV. ACTION NO. 3:21-04146** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK B. ROWAN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction, or alternatively, for more definite statement [doc. # 12] filed by Defendants, Derrick B. Rowan and Avis Rowan. FED. R. CIV. P. 12(b)(1) and (e). The motion to dismiss is opposed. For reasons stated below, it is recommended that the motion to dismiss be DENIED, but that the motion for more definite statement be GRANTED.

## Background

On December 3, 2021, twin brothers, Jerry Bosley ("Jerry") and Terry Bosley ("Terry"),[1] filed the instant complaint against their older brother, Derrick Rowan ("Derrick"), and Avis Rowan ("Avis") pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332. (Compl.). The Complaint alleges that Terry and Jerry's mother, Ms. Bosley, passed away on November 23, 2016. (Compl.). Furthermore, Derrick and Avis took advantage of Terry's mental incompetency and lack of mental awareness to take all of the money from Ms. Bosley's estate. *Id*. In so doing, they forged a will and a power of attorney. *Id*. In addition, Derrick and Avis forged Ms. Bosley's signature to withdraw all money from her life insurance policy, retirement

---

[1] The purported Will of Georgia Mae Bosley ("Ms. Bosley") is attached to the Complaint and indicates that Ms. Bosley had three children: Derrick, Terry, and Jerry, with the latter two sharing the same birth date. (Compl., Exh. 2 [doc. # 1-3, pgs. 21-23]).

savings, and three bank accounts to the tune of $200,000.  *Id*.

According to the Complaint, Ms. Bosley advised Terry or Jerry[2] that she was leaving him a "six figure amount."  *Id*.  However, Derrick and Avis took away that opportunity, including Terry or Jerry's daughter's college tuition.  *Id*.  To this day, Derrick and Avis continue to prosper off of their illegal gain.  *Id*.  Terry or Jerry seeks $500,000 for mental and punitive damages.  *Id*.

On February 17, 2022, Derrick and Avis filed the instant motion to dismiss for lack of subject matter jurisdiction on the basis that the amount in controversy does not exceed the requisite minimum for the exercise of diversity jurisdiction, i.e., more than $75,000. Alternatively, Derrick and Avis petition the court to require Terry and Jerry to file a more definite statement to clarify which one of them is making each claim, given the Complaint's use of confusing and ambiguous singular pronouns.

On March 16, 2022, Terry and Jerry filed an opposition to the motion to dismiss wherein they asserted that they attached bank statements and documents to the Complaint, which show that the amount in controversy exceeds $75,000.  (Pl. Opp. Brief [doc. # 14]).  They further clarified that they were asserting claims for fraud and forgery.  *Id*.  Terry and Jerry did not otherwise address the motion for more definite statement.  *Id*.

On March 21, 2022, Derrick and Avis filed a reply brief wherein they observed that the checks attached to the Complaint totaled only $61,714.35, and even if a November 15, 2016 deposit of $12,674.01 was included in the calculus, the total amount in dispute equaled no more than $74,388.36.  (Defs.' Reply [doc. # 15]).  Derrick and Avis further noted that Terry and

---

[2] The Complaint frequently uses only the singular pronouns, "me," "my," and "I."  *Id*.

2

Jerry did not address their alternative motion for more definite statement, the need for which remained self-evident. *Id*. Accordingly, the matter is ripe.

## Analysis

### I. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 1064 (2013) (citation and internal quotation marks omitted). Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013)

(citations omitted).

Plaintiffs invoked this court's subject matter jurisdiction exclusively via the diversity statute, which contemplates complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Jerry and Terry are Louisiana citizens; whereas, Derrick and Avis are citizens of Texas. (Compl.). Therefore, the sole issue here is whether the amount in controversy is satisfied.

As explained by the Supreme Court,

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938). Moreover, so long as the amount in controversy for at least one plaintiff exceeds the jurisdictional minimum, then the court may exercise supplemental jurisdiction over the claims of all other plaintiffs that form part of the same case or controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559; 125 S.Ct. 2611, 2620 (2005); 28 U.S.C. § 1367.

Derrick and Avis contend that the checks and documents attached to the Complaint establish that the sums allegedly purloined by them do not exceed $75,000. Moreover, if Terry and Jerry are each entitled to a one-third share of their deceased mother's estate, then the amount

in controversy, per plaintiff, is reduced still further.

Of course, the Complaint also seeks to recover $500,000 in mental and punitive damages, an amount that plainly exceeds the jurisdictional minimum. (Compl.). To circumvent the otherwise dispositive effect of these damages claims, Derrick and Avis argue that Louisiana law does not authorize exemplary or punitive damages under the facts alleged, and that the allegations in the Complaint do not support a claim for intentional infliction of emotional distress.

In their opposition, however, Terry and Jerry stated that they are suing Derrick and Avis for fraud and forgery. If Texas law applies to the fraud claim against these Texas Defendants, then Terry and Jerry may recover mental anguish and exemplary damages. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Moreover, even under Louisiana law, a claim for delictual fraud may include an award of non-pecuniary damages such as mental anguish, aggravation, distress and inconvenience. *McGuire v. Kelly*, No. 2010-0562 2012 WL 602366 (La. App. 1st Cir. Jan. 30, 2012) (unpubl.) (citing, *inter alia*, *Meador v. Toyota of Jefferson, Inc.,* 332 So.2d 433, 438 (La.1976)); *Walle Corp. v. Rockwell Graphics Sys., Inc.*, Civ. Action No. 90-2163, 1992 WL 245963, at *4 (E.D. La. Sept. 21, 1992).

In sum, the court finds that the colorable claims of at least one Plaintiff exceed $75,000. Therefore, the court may exercise diversity jurisdiction over that party's claims and supplemental jurisdiction over the claims of the remaining Plaintiff, as needed. 28 U.S.C. §§ 1332 and 1367.

## II.     More Definite Statement

Federal Rule of Civil Procedure 12(e) provides, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . ." FED.

R. CIV. P. 12(e).  The Rule 12(e) motion for a more definite statement is disfavored.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959).  This motion is granted only when the pleading addressed is so vague that the moving party cannot reasonably be expected to frame a responsive answer.  *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D. La. 1995) (citing 5A Charles Wright and Arthur Miller, *Federal Practice and Procedure* § 1377 (1990)).  Under Rule 8(a), the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ."  FED. R. CIV. P. 8(a)(2).

"A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."  *Brown v. Maxxam, Inc.*, C. A. No. 90-1468, 1991 WL 13918 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing, *Mitchell, supra*); *see also*, *Wilmington Trust Company v. Stone Lumber Company*, C. A. No. 96-1499 1996 WL 700752 (E.D. La. Dec. 4, 1996) (motion for more definite statement denied where plaintiff may later receive more specific facts through discovery).  At the same time, however, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.  *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

Here, Derrick and Avis complain that Terry and Jerry do not clarify which claims are made by each of them.  Moreover, the Complaint uses singular pronouns that suggests that the claims are only being asserted by one of them.  Under these circumstances, the court is constrained to find that the Complaint is ambiguous, vague, and unclear.  Consequently, the court will require Terry and Jerry to amend their Complaint to redress these ambiguities so Derrick and Avis may frame a responsive pleading.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 12] filed by Defendants Derrick B. Rowan and Avis Rowan be DENIED.

IT IS FURTHER RECOMMENDED that the alternative motion for more definite statement [doc. # 12] filed by Defendants Derrick B. Rowan and Avis Rowan be GRANTED, and that within fourteen (14) days from the court's entry of judgment on this motion, Plaintiffs be granted leave to file an amended complaint to set forth a short and plain statement explaining each of their claims. FED. R. CIV. P. 8(a)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 6th day of June, 2022.

                                                KAYLA DYE MCCLUSKY
                                                UNITED STATES MAGISTRATE JUDGE