UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JERRY BOSLEY AND TERRY L. BOSLEY**     CASE NO.  3:21-CV-4146

**VERSUS**                                JUDGE TERRY A. DOUGHTY

**DERRICK B. ROWAN AND AVIS ROWAN**       MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 23] filed by Defendants, Derrick B. Rowan ("Derrick") and Avis Rowan ("Avis") (collectively, "Defendants"), who move to dismiss all claims made against them by Plaintiffs, Jerry Bosley ("Jerry") and Terry L. Bosley ("Terry") (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 56. Plaintiffs, appearing *pro se*, filed an opposition to the motion [Doc. No. 25], and Defendants filed a reply [Doc. No. 26].

For the following reasons, Defendants' Motion for Summary Judgment [Doc. No. 23] is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On December 3, 2021, Plaintiffs filed suit in this Court alleging that Defendants engaged in forgery, fraud, and conversion with respect to their deceased mother's estate.[1] Defendants now move for summary judgment via Rule 56 because, they assert, there is no genuine dispute of material fact as to any of Plaintiffs' claims.[2]

The events leading up to this suit are as follows. Georgia Mae Bosley ("Georgia Mae"), the mother of Derrick, Jerry, and Terry, died on November 23, 2016.[3] Prior to her death, on

---

[1] [Doc. No. 1]
[2] [Doc. No. 23]
[3] [Doc. No. 17 at p.1]

November 3, 2016, Georgia Mae executed a written will before two witnesses and a notary public.⁴ Also on November 3, 2016, Georgia May executed a Power of Attorney to Derrick, before the same witnesses and notary public.⁵ Terry and Jerry argue in their Amended Complaint that Terry was "mentally incompetent to sign overpower [sic] attorney" and that Derrick and Avis forged Georgia Mae's signature both on the will and on the power of attorney.⁶

After Georgia Mae's death, on April 30, 2018, Terry filed a Petition to be appointed as the administrator in Georgia Mae's succession.⁷ In conjunction with this Petition, Terry and Jerry filed a Detailed Sworn Descriptive List of Georgia Mae's assets and property; this list shows no funds remaining in three separate accounts, and it values Georgia Mae's home in Monroe, Louisiana at $36,800.⁸ The Fourth Judicial District Court in Ouachita Parish issued an order on May 16, 2018 appointing Terry as administrator, and Letters of Administration were issued to Terry on May 22, 2018.⁹ According to Defendants and the court's record, Terry currently resides in Georgia Mae's former home in Monroe.¹⁰

Prior to the filing of this suit, Terry and Jerry filed suit against Derrick in state court in Ouachita Parish.¹¹ Derrick filed an answer on November 2, 2018, but no other actions were taken thereafter.¹² In the state court suit, Terry alleged a breach of fiduciary duty by Derrick in the handling of Georgia Mae's assets.¹³

---

⁴ [Doc. No. 23-1 at p.1]
⁵ [Id.]
⁶ [Doc. No. 17 at p.1]
⁷ [Doc. No. 23-1 at p.1]; [Doc. No. 23-2]
⁸ [Doc. No. 23-2, Exhibit A, at p.4]
⁹ [Doc. No. 23-1 at p.2]
¹⁰ [Id.]
¹¹ [Id.]
¹² [Id.]
¹³ [Doc. No. 23-2, Exhibit B, at p.1]

In their Motion for Summary Judgment, Defendants argue that all of Plaintiffs' claims should be dismissed because there is no genuine dispute of material fact as to the issue of prescription.[14] Specifically, Defendants assert that all of Plaintiffs' claims are delictual actions subject to a one-year prescriptive period under Louisiana law, yet Plaintiffs did not file the claims within the deadline.[15] Further, even if not prescribed, Defendants argue that Plaintiffs have provided no evidence in support of the forgery claims, thus requiring dismissal.[16] Finally, Defendants assert that any claim for "mental and punitive damages are without merit" because Louisiana law does not allow for recovery of such damages in these circumstances.[17]

In response, Plaintiffs argue that their claims are not prescribed because the applicable limitations period is ten years.[18] Plaintiffs argue that their suit is one for breach of fiduciary duty, just like their state court suit filed in 2018.[19] Plaintiffs assert that their state suit was abandoned "when the defendants disappeared to Texas," and that abandonment acted as a dismissal without prejudice, allowing Plaintiffs to re-file the fiduciary claim.[20] Plaintiffs do not address Defendants' other arguments.

In reply, Defendants first point out that Plaintiffs have made no contentions regarding Avis, but rather have directed all allegations at her husband, Derrick; to the extent Plaintiffs' allegations are meant to address Avis, Defendants argue that no evidence has been produced in support of those claims against her, requiring their dismissal.[21] Further, Defendants argue that Plaintiffs failed to assert a claim for breach of fiduciary duty until their opposition to the Motion for Summary

---

[14] [Doc. No. 23-3 at p.5]
[15] [Id. at p.7]
[16] [Id. at p.9]
[17] [Id. at p.10]
[18] [Doc. No. 25 at p.2]
[19] [Id.]
[20] [Id.]
[21] [Doc. No. 26 at p.1]

3

Judgment, and even if this were a proper vehicle to raise it, Plaintiffs cannot establish the elements of such a claim.[22] Defendants also assert that Plaintiffs' request for mental and punitive damages would fail even if there were a breach of fiduciary claim.[23]

The issues are briefed, and the Court is prepared to issue a ruling.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337,

---

[22] [Id. at p.2]
[23] [Id. at p.4]

343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248). However, in evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *See Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

### B. Analysis

As noted above, Defendants argue that all of Plaintiffs' claims should be dismissed on the basis of prescription and, if not prescribed, on their merits.[24] Defendants also argue that Plaintiffs cannot raise a breach of fiduciary duty claim for the first time at this stage of litigation and that such a claim fails on its merits.[25] The Court will address each argument in turn.

### 1. Breach of Fiduciary Duty claim

Defendants assert, and this Court agrees, that Plaintiffs have improperly raised a breach of fiduciary claim for the first time in their opposition to the Motion for Summary Judgment. Nowhere in the original Complaint or the Amended Complaint did Plaintiffs assert that Derrick owed Terry and Jerry a fiduciary duty, which he later violated.[26] To be sure, the Amended Complaint alleges various wrongs committed by Derrick and Avis, such as forgery, theft, and various kinds of deceit.[27] However, the Amended Complaint makes no reference to any duties that Derrick allegedly violated. Further, the filing of a state court suit on the basis of breach of fiduciary duty three years prior does not compel this Court to transfer those allegations to the Amended

---

[24] [Doc. No. 23-3]
[25] [Doc. No. 26]
[26] *See* [Doc. Nos. 1 & 17]
[27] [Doc. No. 17]

Complaint.[28] Plaintiffs were provided an opportunity to set forth their claims more clearly in their Amended Complaint, yet in doing so, they failed to include a claim for breach of fiduciary duty.[29] Thus, this Court will not apply Plaintiffs' proposed ten-year prescriptive period for breach of fiduciary duty claims here, where the breach of fiduciary claim is not properly before the Court.

Even if Plaintiffs' Amended Complaint could be interpreted as raising a claim for breach of fiduciary duty, the Court agrees with Defendants that Plaintiffs have failed to raise a genuine dispute of material fact as to the existence of a fiduciary duty.[30] *Pure Air Daigle, LLC v. Stagg*, No. 6:16-CV-01322, 2017 WL 4158851, at *3 (W.D. La. Sept. 15, 2017) (listing the three elements of a breach of fiduciary duty claim). "Generally, whether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties." *Scheffler v. Adams & Reese, LLP*, 950 So. 2d 641, 647 (La. 2/22/07). "As a basic proposition, for a fiduciary duty to exist, there must be a fiduciary relationship between the parties." *Id.* To establish a fiduciary relationship, a party must show a "special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Id.*

In their opposition to the Motion for Summary Judgment, Plaintiffs argue that "[j]ust as a used car manager can be a fiduciary to his employer…a brother promising to collect assets of his mother's estate for the mutual benefit of his brothers is a person 'acting in a fiduciary capacity.'"[31] However, Plaintiffs cite no case law supporting this argument nor do they produce any evidence describing how the brothers' relationship could rise to the level of a fiduciary one. Plaintiffs merely assert that Terry was "mentally incompetent" and that Derrick took advantage of him when

---

[28] [Doc. No. 23-2, Exhibit B]
[29] [Doc. Nos 16 & 17]
[30] [Doc. No. 26 at p.2]
[31] [Doc. No. 25 at p.3]

6

withdrawing funds from Georgia Mae's estate.[32] Notably, Plaintiffs do not describe how Derrick breached any duty to Jerry at all; the allegations instead seem focused around Terry alone.

This Court agrees with Defendants that "[t]he mere fact of being family does not confer a fiduciary relationship."[33] Tellingly, it was Terry, not Derrick, who was issued letters to administer Georgia Mae's succession.[34] It was Terry and Jerry, not Derrick, who signed and filed the Detailed Sworn Descriptive List of Georgia Mae's assets.[35] Derrick's name, in fact, does not appear in any of the official documents thus far produced, except as a defendant in the state court suit filed by Terry and Jerry. Without more, allegations stating that Derrick improperly withdrew funds from his mother's accounts does not show that Derrick occupied such a "special relationship of confidence or trust" over Terry and Jerry as to establish a fiduciary duty. *See Scheffler*, 950 So. 2d at 647. Further, although Plaintiffs make various assertions regarding Terry's mental incompetency, they have produced no evidence of an interdiction or of the transfer of control of Terry's assets to Derrick based on such incompetency. Plaintiffs' bare assertions that Derrick, as Terry and Jerry's brother, owed a fiduciary duty are insufficient to create a fact issue. Thus, Plaintiffs have failed to establish a genuine dispute of material fact as to any breach of fiduciary duty claim, and such claim must be dismissed.

### 2. Prescription as to remaining claims

Under Louisiana law, delictual actions are subject to a liberative prescriptive period of one year from the date that injury or damage is sustained. La. Civ. Code Ann. art. 3492. "Fraud, fraudulent inducement, gross negligence, bad faith, breach of alleged duty of good faith and fair dealing, and conversion, are all delictual actions." *Lirette v. Bank of New York Mellon*, No. 3:18-

---

[32] [Doc. No. 17]
[33] [Doc. No. 26 at p.3]
[34] [Doc. No. 23-1 at p.1]; [Doc. No. 23-2]
[35] [Doc. No. 23-2, Exhibit A, at p.4]

7

CV-00527, 2021 WL 399730, at *8 (W.D. La. Feb. 4, 2021). Here, then, Plaintiffs' claims for fraud, conversion, and forgery are subject to a one-year prescriptive period within which Plaintiffs must have brought their claims.

The latest date—although certainly not the earliest viable date—that could trigger prescription here is September 21, 2018, when Plaintiffs filed their state suit for breach of fiduciary duty against Derrick, asserting the same core allegations contained in the present suit.[36] As of the date of filing the state suit, Plaintiffs were clearly aware of their potential claims against Derrick because they filed such claims in a court of law. Plaintiffs alleged in their state suit that Derrick had misused Georgia Mae's funds and acted deceitfully towards Terry and Jerry.[37] And notably, as Defendants point out in their Motion, the latest bank records produced by Plaintiffs that allegedly demonstrate Defendants' forgery and conversion are also dated in 2018.[38] Thus, the Court finds that prescription began, at the latest, on September 21, 2018. This means that, unless prescription was interrupted, Plaintiffs' claims were barred by prescription when filed in this Court on December 3, 2021.

"When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed." *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). Plaintiffs appear to argue that prescription was interrupted because of the filing of the state court suit itself.[39] However, as both parties agree, the state suit was abandoned.[40] "The only prescriptive effect on a claim asserted in a suit which is dismissed without prejudice on the grounds of abandonment is that the pendency of the abandoned suit does *not* interrupt the prescriptive period

---

[36] [Doc. No. 23-2, Exhibit B]
[37] [Id.]
[38] [Doc. No. 23-3 at p.6–7]
[39] [Doc. No. 25 at p.1]
[40] [Id.]; [Doc. No. 23-3 at p.8]

for the claim." *Walker v. Archer*, 203 So. 3d 330, 335 (La. App. 4 Cir. 10/5/16) (emphasis in original). "Interruption is considered never to have occurred if the plaintiff abandons the suit…" La. Civ. Code Ann. art. 3463.

Based on the foregoing law, to the extent the filing of the state suit may have interrupted prescription when filed, that interruption "is considered never to have occurred" because Plaintiffs abandoned that suit. *See id.* Without an interruption of prescription, Plaintiffs cannot show that they timely filed this suit in December of 2021. Plaintiffs' claims are therefore barred by prescription and must be dismissed.

### 3. Merits of remaining claims

Even if Plaintiffs' claims were not prescribed, Defendants argue that the claims fail on their merits. This Court agrees and finds that Defendants are entitled to judgment as a matter of law.

Defendants assert that Plaintiffs have produced no competent summary judgment evidence that could establish a forgery claim.[41] First, Defendants assert, without opposition from Plaintiffs, that "both the will and the power of attorney are authentic acts under Louisiana law since they were executed before a notary public and two witnesses."[42] "An authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title." La. Civ. Code Ann. art. 1835. It appears that neither Terry nor Jerry contested the validity of the will as an authentic act in Georgia Mae's succession, in which Terry is the administrator. Further, Defendants point out that Plaintiffs have not designated any witnesses who can testify that any of the signatures are in fact forgeries.[43] *See In re Mike Hooks LLC*, No. 2:20-

---

[41] [Doc. No. 23-3 at p.9]
[42] [Id.]
[43] [Id.]

CV-00959, 2022 WL 6252711, at *3 (W.D. La. Oct. 7, 2022) (holding that mere assertion of forgery by party insufficient to establish forgery claim).

In *In re Mike Hooks LLC*, this Court analyzed a forgery claim raised under Louisiana law. *Id.* The Court first noted that "the burden of proof of a forgery 'falls squarely on he who alleges the forgery.'" *Id.* (*quoting Succession of Velasquez-Bain*, 415 So. 2d 1013, 1016 (La. Ct. App. 4th Cir. 1982)). The Court then held that McCoy, the party asserting the forgery claim, failed to offer any competent evidence as to how his signature could be on the document at issue "other than by his own hand." *Id.* Additionally, McCoy failed to show how the allegedly forged signature was different than other examples of his signature, as witnessed by others. *Id.* Without more, McCoy's "speculation [was] insufficient to create an issue of fact." *Id.*

Similarly, here, Plaintiffs have not provided any evidence, other than mere speculation, that Georgia Mae's signature was forged on a single document. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment.") (internal quotations omitted). Because Plaintiffs failed to raise a fact dispute on the forgery claim, Defendants are entitled to summary judgment.

Plaintiffs' remaining allegations seem to assert claims of conversion and perhaps fraud.[44] Plaintiffs generally assert that Defendants "took all the money from [Georgia Mae's] bank and estate by forging will, power of attorney, life insurance policies and retirement savings and banks chase [sic], Iberia and Ouachita valley [sic] in the total of 200,000 dollars."[45] In support of their claims, Plaintiffs have attached bank statements and checks to their Amended Complaint.[46] The

---

[44] [Doc. No. 17]
[45] [Doc. No. 17 at p.1]
[46] [Doc. No. 17-1]

attached checks are signed by Terry, and the bank statements list only Georgia Mae and Jerry's names.[47] It is unclear how such documents support claims of conversion or fraud on behalf of Defendants; to the extent the claims are based on the same forgery claim discussed above, they are similarly inadequate. *See Ramsey*, 286 F.3d at 269. Simply put, Plaintiffs have not produced competent summary judgment evidence in response to Defendants arguments sufficient to create a genuine dispute of material fact.

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Summary Judgment [Doc. No. 23] is hereby **GRANTED**. All claims asserted by Plaintiffs against Defendants are **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

MONROE, LOUISIANA, this 8th day of August, 2023.

_____
Terry A. Doughty
United States District Judge

---

[47] [Id.]